On respondent's motion for clarification filed October 13, and petitioner's response to motion for clarification filed October 26, motion to clarify granted; opinion (237 Or App 500, 241 P3d 313) modified and adhered to as modified November 17, 2010

Anita LaFORGE,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

A142248

243 P3d 137

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, for motion.

Stephen R. Skipton, Lane County Legal Aid and Advocacy Center, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

Respondent, the Department of Human Services (DHS), requests clarification of a sentence in our opinion in *LaForge v. Dept. of Human Services*, 237 Or App 500, 241 P3d 313 (2010). In that case, we held that OAR 411-054-0012 was invalid. That rule established the criteria and procedures for obtaining a license to operate a residential care facility. We held that, because the rule would allow DHS to grant a license to an applicant without considering whether the applicant was willing to provide care and services to Medicaid recipients, it was inconsistent with ORS 410.851(5), which required DHS to consider the applicant's willingness to provide services to Medicaid recipients. The sentence that DHS requests us to clarify states:

> "The rule, as petitioner points out, requires the agency to demonstrate its willingness to provide care and services to 'an' underserved population—that is, to *any* underserved population; thus, the agency could meet the requirements of the rule by demonstrating, for example, a willingness to serve persons with traumatic brain injury, but *not* demonstrating a willingness to serve Medicaid recipients."

*Id.* at 504-05 (emphases in original). DHS points out—correctly—that the sentence appears to imply that, under the rule, the *agency* must be willing to provide services to Medicaid recipients, when in fact it is the license applicant that is addressed by the rule and must demonstrate its willingness. DHS also points out that the sentence appears to imply that, if the applicant is unwilling to provide services to Medicaid recipients, that unwillingness automatically disqualifies the applicant from receiving a license, when, in fact, the rule provides only that, in making its determination whether to grant a license, the agency must *consider* the applicant's willingness. If the sentence makes that implication, it was not intended; DHS correctly notes that it need only *consider* the applicant's willingness to serve Medicaid recipients.

The sentence therefore should read as follows:

> "The rule, as petitioner points out, requires the agency to consider the willingness of the applicant to provide care and

services to 'an' underserved population—that is, to *any* underserved population; thus, the applicant could be approved under the rule by demonstrating, for example, a willingness to serve persons with traumatic brain injury, but *not* demonstrating a willingness to serve Medicaid recipients."

Motion to clarify granted; opinion modified and adhered to as modified.