243 P.3d 137 (2010)
238 Or. App. 747
Anita LaFORGE, Petitioner,
v.
DEPARTMENT OF HUMAN SERVICES, Respondent.
A142248.
Court of Appeals of Oregon.
On Respondent's Motion for Clarification October 13, 2010.
Petitioner's Response to Motion for Clarification October 26, 2010.
Decided November 17, 2010.
John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, for motion.
Stephen R. Skipton, Lane County Legal Aid and Advocacy Center, for response.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
PER CURIAM.
Respondent, the Department of Human Services (DHS), requests clarification of a sentence in our opinion in LaForge v. Dept. of Human Services, 237 Or.App. 500, 241 P.3d 313 (2010). In that case, we held that OAR XXX-XXX-XXXX was invalid. That rule established the criteria and procedures for obtaining a license to operate a residential care facility. We held that, because the rule would allow DHS to grant a license to an applicant without considering whether the applicant was willing to provide care and services to Medicaid recipients, it was inconsistent with ORS 410.851(5), which required DHS to consider the applicant's willingness to provide services to Medicaid recipients. The sentence that DHS requests us to clarify states:
"The rule, as petitioner points out, requires the agency to demonstrate its willingness to provide care and services to `an' underserved populationthat is, to any underserved population; thus, the agency could meet the requirements of the rule by demonstrating, for example, a willingness to serve persons with traumatic brain injury, but not demonstrating a willingness to serve Medicaid recipients."
LaForge, 237 Or.App. at 504-05, 241 P.3d 313 (emphases in original). DHS points out correctlythat the sentence appears to imply that, under the rule, the agency must be willing to provide services to Medicaid recipients, when in fact it is the license applicant that is addressed by the rule and must demonstrate its willingness. DHS also points out that the sentence appears to imply that, if the applicant is unwilling to provide services to Medicaid recipients, that unwillingness automatically disqualifies the applicant from receiving a license, when, in fact, the rule provides only that, in making its determination whether to grant a license, the agency must consider the applicant's willingness. If the sentence makes that implication, it was not intended; DHS correctly notes that it need only consider the applicant's willingness to serve Medicaid recipients.
The sentence therefore should read as follows:
"The rule, as petitioner points out, requires the agency to consider the willingness of the applicant to provide care and services to `an' underserved population that is, to any underserved population; thus, the applicant could be approved under the rule by demonstrating, for example, a willingness to serve persons with *138 traumatic brain injury, but not demonstrating a willingness to serve Medicaid recipients."
Motion to clarify granted; opinion modified and adhered to as modified.